Revised 03/06 WDNY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

*[stamp: UNITED STATES DISTRICT COURT FILED OCT 27 2020 MARY C. LOEWENGUTH, CLERK WESTERN DISTRICT OF NY]*

### FORM TO BE USED IN FILING A COMPLAINT
### UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983
(Prisoner Complaint Form)

All material filed in this Court is now available via the INTERNET. See Pro Se Privacy Notice for further information.

## 1. CAPTION OF ACTION   20-CV-06896 EAW

**A.** **Full Name And Prisoner Number of Plaintiff: NOTE**: *If more than one plaintiff files this action and seeks in forma pauperis status, each plaintiff must submit an in forma pauperis application and a signed Authorization or the only plaintiff to be considered will be the plaintiff who filed an application and Authorization.*

1. Oliver Case

2. _____

-VS-

**B.** **Full Name(s) of Defendant(s) NOTE**: *Pursuant to Fed.R.Civ.P. 10(a), the names of all parties must appear in the caption. The court may not consider a claim against anyone not identified in this section as a defendant. If you have more than six defendants, you may continue this section on another sheet of paper if you indicate below that you have done so.*

1. Joseph Noeth          4. Dr. S. Abbasey
2. Dr. A. Schunk         5. Medical Director Dr. Rao
3. Dr. S. Michalek       6. Nurse Presley

See Attachment Sheet for more defendants

## 2. STATEMENT OF JURISDICTION

This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4), and 2201.

## 3. PARTIES TO THIS ACTION

**PLAINTIFF'S INFORMATION NOTE:** *To list additional plaintiffs, use this format on another sheet of paper.*

Name and Prisoner Number of Plaintiff: Oliver Case # 11A5076

Present Place of Confinement & Address: Southport Correctional Facility
P.O. Box 2000 Pine City, NY 14871-2000

Name and Prisoner Number of Plaintiff: _____

Present Place of Confinement & Address: _____

## Defendant's Information

Name Of Defendant: S. Abbasey

If applicable) Official Position of Defendant: Doctor at Attica Corr. Fac.

If applicable) Defendant is Sued in ✓ Individual and/or ✓ Official capacity

Address Of Defendant: Attica Correctional Facility 639 Exchange Street Attica 14011-0149

Name Of Defendant: Dr. Rao

If applicable) Official Position Of Defendant: Medical Director

If applicable) Defendant is Sued in ✓ Individual and/or ✓ Official Capacity

Address Of Defendant: Attica Correctional Facility 639 Exchange St. Attica 14011-0149

Name Of Defendant: Doctor /NP Salotti

If applicable) Official Position Of Defendant: Doctor / NP

If applicable) Defendant is Sued in ✓ Individual and/or ✓ Official Capacity

Address of Defendant: Five Points Correctional Facility, Caller box 100, 6600 State Rt. 96, Romulus 14541

Name Of Defendant: John Colvin

If applicable) Official Position Of Defendant: Superintendent

If applicable) Official Position Of Defendant:

If applicable) Defendant is Sued in _____ Individual and/or ✓ Official Capacity

Address Of Defendant: Five Points Correctional Facility, Caller box 00, 6600 State Rt. 96, Romulus 14541

# Defendant's Information

Name of Defendant: Shelley Mallozzi
(If applicable) Official Position of Defendant: Director of Inmate grievance program
(If applicable) Defendant is Sued in ___ Individual and /
or ✓ Official Capacity.
Address of Defendant: 1220 weashinton Ave. Bldg.9, Albany
Ny, 12226


Name of Defendant: Paul Piccolo
(If applicable) Official Position Of Defendant: Superintendent of Southport
(If applicable) Defendants is Sued in ___ Individual and /or ✓
Official Capacite
Address of Defendant: 236 Bob Masia Dr. P.O.Box 2000,
Pinecity, Ny 14871-2000


Name Of Defendant: Hanna Martin
If applicable) Official Position Of Defendant: Grievance Supervisor
(If applicable) Defendants is Sued in ___ Individual and/or ✓
Official Capacity
Address of Defendant: 236 Bob Masia Dr. P.O.Box 2000
Pinecity, Ny 14871-2000

# Defendant's Information

Name Of Defendant: Carl J. Koenigsmann, M.D.
(If applicable) Official Position Of Defendant: Deputy Commissioner
Chief Medical Officer
(If applicable) Defendant is sued in ✓ Individual and / or ✓
Official Capacity.
Address Of Defendant: 1220 Washington Ave. Bldg. 9, Albany, NY
12226

Name Of Defendant: Richard McDevitt
(If applicable) Official Position Of Defendant: Regional Health Services
Administrator
(If applicable) Defendant is sued in ____ Individual and/
Or ✓ Official Capacity.
Address of Defendant: 1220 Washington Ave. Bldg. 9,
Albany, Ny 12226

Name Of Defendant: Vern Baldwin
(If applicable) Official Position Of Defendant: Regional Health Services
Administrator
(If applicable) Defendant is sued in ____ Individual and /
Or ✓ Official Capacity
Address of Defendant: 1220 Washington Ave. Bldg. 9
Albany, Ny 12226

Name Of Defendant: Sarah B. Van Vorst
(If applicable) Official Position Of Defendant: Health Services
Administrator
(If applicable) Defendant is sued in ____ Individual and/
or ✓ Official Capacity.
Address of Defendant: 1220 Washington Ave. Bldg. 9
Albany, Ny 12226

# Defendant's Information

Name Of Defendant: Strykowski

(If applicable) Official Position Of Defendant: RN II

(If applicable) Defendant is sued in ✓ Individual and/or ✓ Official Capacity

Address of Defendant: 236 Bob Masia Dr. P.O.Box 2000 Pinecity, NY 14871-2000

DEFENDANT'S INFORMATION NOTE: *To provide information about more defendants than there is room for here, use this format on another sheet of paper*

Name of Defendant: Joseph Noeth

(If applicable) Official Position of Defendant: Superintendent of Attica

(If applicable) Defendant is Sued in _____ Individual and/or ✓ Official Capacity

Address of Defendant: Attica Correctional Facility 639 Exchange St. Attica 14011-0149

Name of Defendant: A. Schunk

(If applicable) Official Position of Defendant: Nurse or Doctor at Attica.

(If applicable) Defendant is Sued in ✓ Individual and/or ✓ Official Capacity

Address of Defendant: Attica Correctional Facility 639 Exchange St. Attica 14011-0149

Name of Defendant: S. Michalek

(If applicable) Official Position of Defendant: Nurse Administrator 1

(If applicable) Defendant is Sued in ✓ Individual and/or ✓ Official Capacity

Address of Defendant: Attica Correctional Facility 639 Exchange St. Attica 14011-0149

See attachment paper for more defendants

## 4. PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

A.    Have you begun any other lawsuits in state or federal court dealing with the same facts involved in this action?
      Yes_____ No ✓

If Yes, complete the next section. NOTE: *If you have brought more than one lawsuit dealing with the same facts as this action, use this format to describe the other action(s) on another sheet of paper.*

1.    Name(s) of the parties to this other lawsuit:

      Plaintiff(s):_____

      Defendant(s):_____

      _____

2.    Court (if federal court, name the district; if state court, name the county):_____

      _____

3.    Docket or Index Number:_____

4.    Name of Judge to whom case was assigned:_____

2

5. The approximate date the action was filed: _____

6. What was the disposition of the case?

    Is it still pending?  Yes_____ No_____

        If not, give the approximate date it was resolved._____

    Disposition (check the statements which apply):

    _____ Dismissed (check the box which indicates why it was dismissed):

        _____ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

        _____ By court for failure to exhaust administrative remedies;

        _____ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

        _____ By court due to your voluntary withdrawal of claim;

    _____ Judgment upon motion or after trial entered for

        _____ plaintiff

        _____ defendant.

B. Have you begun **any other lawsuits** in **federal court** which **relate to your imprisonment**?

    Yes_____ No ✓

If Yes, complete the next section. NOTE: *If you have brought more than one other lawsuit dealing with your imprisonment, use this same format to describe the other action(s) on another sheet of paper.*

1. Name(s) of the parties to this other lawsuit:

    Plaintiff(s):_____

    _____

    Defendant(s):_____

    _____

2. District Court:_____

3. Docket Number:_____

4. Name of District or Magistrate Judge to whom case was assigned:_____

    _____

5. The approximate date the action was filed:_____

6. What was the disposition of the case?

    Is it still pending?  Yes_____ No_____

        If not, give the approximate date it was resolved._____

3

Disposition (check the statements which apply):

___ <u>Dismissed</u> (check the box which indicates why it was dismissed):

___ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

___ By court for failure to exhaust administrative remedies;

___ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

___ By court due to your voluntary withdrawal of claim;

___ <u>Judgment</u> upon motion or after trial entered for

___ plaintiff

___ defendant.

---

## 5. STATEMENT OF CLAIM

For your information, the following is a list of some of the most frequently raised grounds for relief in proceedings under 42 U.S.C. § 1983. (This list does not include **all** possible claims.)

- Religion
- Free Speech
- Due Process
- Equal Protection
- Access to the Courts
- False Arrest
- Excessive Force
- Failure to Protect
- Search & Seizure
- Malicious Prosecution
- Denial of Medical Treatment
- Right to Counsel

**Please note that** it is not enough to just list the ground(s) for your action. You **must** include a statement of the facts which you believe support each of your claims. In other words, tell the story of what happened to you but do not use legal jargon.

**Fed.R.Civ.P. 8(a)** states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial." Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995). **Fed.R.Civ.P. 10(b)** states that "[a]ll averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far a practicable to a single set of circumstances."

---

## Exhaustion of Administrative Remedies

Note that according to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prison er confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

You must <u>provide</u> <u>information</u> about the extent of your efforts to grieve, appeal, or otherwise exhaust your administrative remedies, and you must <u>attach</u> <u>copies</u> of any decisions or other documents which indicate that you have exhausted your remedies for <u>each</u> claim you assert in this action.

A. FIRST CLAIM: On (date of the incident) Or about 4-13-15 while housed in Attica,

defendant (give the **name and position held** of **each defendant** involved in this incident) Under the supervision Of Superintendent Joseph Noeth were medical staff A. Schunk, S. Michalek, S. Abbasey, Medical Director Dr. Rao saw me or looked over

did the following to me (briefly state what each defendant named above did): my medical file and refused to get me the medical treatment that was recommended. Dr. S. Abbasey called me down to the facility hospital to take a look at the hemmorhiod and he tryed pushing his hand in my butt with no lube. When I reacted to the pain and had something to say the officers that was there came in the room and try to gang up on me like my painfull responce was not called for when they sat there and saw what just took place. There was no privacy what so ever during this situation.

The constitutional basis for this claim under 42 U.S.C. § 1983 is: The Eighth Amendment right to adequate medical care and the prohibition of cruel and unusual punishment.

The relief I am seeking for this claim is (briefly state the relief sought): Compensatory damages of 19.9 million dollars for medical neglect, pain and suffering, cruel and unusual punishment plus refusing the recommendation (medical malpractice).

### Exhaustion of Your Administrative Remedies for this Claim:

Did you grieve or appeal this claim? ✓ Yes _____ No   If yes, what was the result? Granted in part.

Did you appeal that decision? ✓ Yes _____ No   If yes, what was the result? Denied

*Attach copies of any documents that indicate that you have exhausted this claim.*

If you did not exhaust your administrative remedies, state why you did not do so: _____

A. SECOND CLAIM: On (date of the incident) Or about 2-16-16 while being housed in Five,

defendant (give the **name and position held** of **each defendant** involved in this incident) Points Corr. Fac. Under the supervision of Superintendent John Colvin. I used the sick call method were nothing was happening so I wrote to albany were

5

did the following to me (briefly state what each defendant named above did): I Contacted Chief Medical Officer Carl J. Koenigsmann to help with my medical problem but still no one took real time to look into my situation or my medical file because I'm a inmate.

The constitutional basis for this claim under 42 U.S.C. § 1983 is: The Eighth Amendment right to adequate medical care and the prohibition of cruel and unusual punishment.

The relief I am seeking for this claim is (briefly state the relief sought): Compensatory damages of 19.9 million dollars for medical neglect, pain and suffering, cruel and unusual punishment plus the refusing of a hemmorrhiods specialist recommendation.

### Exhaustion of Your Administrative Remedies for this Claim:

Did you grieve or appeal this claim? ✓ Yes _____ No  If yes, what was the result? No one got back to me. At first then I had to do it over but sent a copy to albany.

Did you appeal that decision? ✓ Yes _____ No  If yes, what was the result? Albany was the only one to respond.

*Attach copies of any documents that indicate that you have exhausted this claim.*

If you did not exhaust your administrative remedies, state why you did not do so: _____

**If you have additional claims, use the above format and set them out on additional sheets of paper.**

### 6. RELIEF SOUGHT

*Summarize the relief requested by you in each statement of claim above.*

Do you want a jury trial?  Yes_____  No ✓

6

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____10/19/2020_____
                          (date)

NOTE:  *Each plaintiff must sign this complaint and must also sign all subsequent papers filed with the Court.*

_____

_____

_____

Signature(s) of Plaintiff(s)

7

*O. Case 11A5076*        *C – 10 – 5*



**Corrections and
Community Supervision**

**ANDREW M. CUOMO**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

## MEMORANDUM

From:     Shelley Mallozzi, Director, Inmate Grievance Program

SUBJ:     Receipt of Appeal

Date:     8/11/2020

O CASE  11A5076
Southport Correctional Facility
Your grievance SPT-0150-20 entitled
Hemorrhoid Pain
was rec'd by CORC on 7/14/2020

**A disposition will be sent to you after the grievance is reviewed by CORC**

The Harriman State Campus, 1220 Washington Avenue, Albany, NY 12226-2050 | (518) 457-8126 | www.doccs.ny.gov

0150

To: Grievance Unit (Southport)        22 — Hemorrhoid Pain

From: Oliver Case # 11A5076

Cell: B-5-6

Date: 5-14-20

I'm writing this grievance because in the past I had hemorrhoid surgery because I was going through alot of pain when time came for me to use the bathroom. Before the surgery I was told that the hemorrhoid can only come back if I strain while useing the bathroom. The surgery took place twice in 2018 and 2019 (one in each year I think) back to back because the first time the surgery was not done right. Now im having stomack pains when I use the bathroom and I dont understand why cause there is no hemorrhoids that comes out like before. After looking over my medical files about a week ago I see that in 2015 a outside hospital hemorrhoid doctor recommended that I be taken to the hospital for surgery. Today I spoke to my Southport medical provider and he tells me that this pain on my left side of my stomack may have to do with hemorrhoids and the surgery that I had in the past. This information bothers me because I only had the surgery because I was promised that the pain will go away and I was told that I should no longer have a problem when useing the bathroom. Now im still having sharp pains after surgery and im wondering why cause I have not had a reason to strain since.

Action Requested: I want someone with a medical degree to

*KK ADJA*
*6-16-20*

| | GRIEVANCE NO.<br>SPT-0150-20 | | DATE FILED<br>05/15/2020 |
|---|---|---|---|
| CL Corrections and<br>Community Supervision | FACILITY<br>Southport Correctional Facility | | POLICY DESIGNATION<br>I |
| INMATE GRIEVANCE PROGRAM | TITLE OF GRIEVANCE<br>Hemorrhoid Pain | | CLASS CODE<br>22 |
| SUPERINTENDENT | SUPERINTENDENT'S SIGNATURE | | DATE<br>6/17/20 |
| GRIEVANT<br>CASE, O. | DIN<br>11A5076 | HOUSING UNIT<br>0-03-12  **G-4-15** | |

## SUPERINTENDENT'S RESPONSE

The grievant's medical record was reviewed. At this time, it has not been determined that hemorrhoids are the reason for his pain. The grievant declined a rectal exam, which would help diagnose his issue. He is currently being treated for constipation, which can cause pain, straining and recurrence of hemorrhoids.

It appears that the grievant is receiving appropriate medical care. In the future, the grievant is advised to address similar concerns to the Nurse Administrator for the most expeditious means of resolution.

Appeal denied.



APPEALED
JUL 0 6 2020
SOUTHPORT CORR FAC
GRIEVANCE OFFICE

**SENT**

JUN 26 2020

SOUTHPORT GRIEVANCE

---

### APPEAL STATEMENT

If you wish to refer the above decision of the Superintendent, please sign below and return this copy to your Inmate Grievance Clerk. You have seven (7) calendar days from receipt of this notice to file your appeal. * Please state why you are appealing this decision to C.O.R.C.

Yes I refuse to have the Nurse Administrator push his finger up my ass. What I want explained to me is why a recommendation was made in 2015 and I was not sent to the hospital untill 2018.

_____
GRIEVANT'S SIGNATURE

_____
GRIEVANCE CLERK'S SIGNATURE

6-24-20
DATE

7/6/20
DATE

*An exception to the time limit may be requested under Directive #4040, section 701.6 (g)
Form 2133 (02/15)



**Case, Oliver**    DIN.    **11-A-5076**    Cell:    **C-02-12**

FORM 2131 (Reverse) (Rev. (6/06):

**Grievance No.**

**Response of IGRC:**

**SPT-0150 -20**

Grievance is Granted In Part: I reviewed the medical record for inmate Case 11a5076. Inmate Case claims that current pain with bowel movements is due to past surgeries for hemorrhoids not working. At this time medical has not determined that hemorrhoids are the current reason for pain. The inmate declined a rectal exam which would help diagnose that issue. We are currently treating inmate Case for constipation which can cause pain and also straining and recurrence of hemorrhoids. I am unable to speak regarding this care that did not take place at Southport Correctional Facility such as any delay in surgery.



APPEALED
JUN 1 1 2020
SOUTHPORT CORR FAC
GRIEVANCE OFFICE

SENT

JUN 03 2020

SOUTHPORT GRIEVANCE

Date of hearing: ___06-03-20___

IGRC Members:

_____
SERGEANT

CHAIRPERSON _____

_____
CORRECTIONS OFFICER

_____

**Return within 7 calendar days and check appropriate box.***

| ☑ I disagree with IGRC response and wish to appeal to the Superintendent. | ☐ I have reviewed deadlocked responses. Pass-Thru to Superintendent. |
| ☐ I agree with IGRC response and wish to appeal to the Superintendent. | ☐ I apply to the IGP. Supervisor for review of dismissal. |

Signed: _____
**Grievant**

6-7-20
**Date**

_____
**Grievance Clerk's Receipt**

6-11-20
**Date**

**To be completed by Grievance Clerk.**

**Grievance Appealed to the Superintendent:** ___6-11-20___
**Date:**

**Grievance forwarded to the Superintendent for action:** ___6-11-20___
**Date:**

* An exception to the time limit may be requested under Directive # 4040, section 701.6 (g).

To: Grievance unit

From: Oliver  Case # 11-A-5076

Cell: B-5-6

Date: 5-18-20

    I'm writing this grievance because in the past I had ~~strong~~ hemorrhoid surgery because I was going through alot of pain when time came for me to use the bathroom. Before the surgery I was told that the hemorrhoid can only come back if I strain while useing the bathroom. The surgery took place twice in 2018 because the first time the surgery was not done right. Now im having stomack pains when I use the bathroom and I dont understand why cause there is no hemorrhoid that comes out like before. After looking over my medical files about a week ago I see that in 2015 a outside hospital doctor recommended that I be taken to the hospital for surgery. Today I spoke to my southport medical provider and he tells me that this pain may have to do with ~~the~~ hemorrhoids and the surgery that I had in the past. This information bothers me because I only had the surgery to make the pain go away and I was told that I should no longer have a problem when useing the bathroom. Now im still having sharp pains and im wondering why cause I have not ~~~~ strained since.

l'm ~~~~ I want to see some with a medical degree.

ro explain why the department of Corrections doctors took two
years to get me to the hospital after the recommendation of a
hemorrhoid Specialist. Also please explain to me why am I still
having pains when the whole point of the Surgery was for the pain to
go away.

## DISTRICT COURT SCHEDULE OF FEES

| Category | Fee |
|---|---|
| Civil Case Filing (Prisoner & Non-prisoner) | $400.00 |
| Civil Case Filing (IFP Petitions) | 400.00 |
| Document Filing/indexing;<br>Miscellaneous Civil Filing;<br>Registration of Judgment from another district;<br>Registration of Foreign Judgment;<br>Motion to Quash Grand Jury Subpoena; and<br>Power of Attorney | 47.00 |
| Writ of Habeas Corpus | 5.00 |
| Notice of Appeal<br>Appellate Docketing Fee | 5.00<br>500.00 |
| For an appeal to a district judge from a judgment of conviction by a magistrate in a misdemeanor or petty offense case | 38.00 |
| Certificate of Search | 31.00 |
| Certification of any document; and<br>Transcript of Judgment | 11.00 |
| Exemplification of any document (including apostilles) | 22.00 |
| Reproduction of each magnetic tape recording | 31.00 |
| Retrieval of one box of records from Federal Records Center National Archives<br>Each additional box requested | 64.00<br>39.00 |
| Electronic record retrieval - Judiciary administrative fee<br>FRC Electronic retrieval flat rate fee<br>PLUS - FRC per page fee | 10.00<br>9.90<br>.65 |
| For any payment which is returned or denied for insufficient funds | 53.00 |
| Reproduction per page of any record or paper | .50 |
| Reproduction per page of any electronically accessed record or paper | .10 |
| For each microfiche sheet or film or microfilm jacket copy of any court record | 6.00 |
| Admission of Attorneys to Practice<br>District Court Fund  (1:93-DF-1) | 200.00 |
| Pro Hac Vice | 150.00 |
| Duplicate Certificate of Admission or Certificate of Good Standing | 19.00 |

Revised 12/01/2016